IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Carlie G. Butts, | ) C/A No. 0:11-01765-JFA-PJG |
|             Petitioner, | ) |
| vs. | ) |
| | ) **REPORT AND** |
| State of South Carolina, | ) **RECOMMENDATION** |
|             Respondent. | ) |

The Petitioner, Carlie G. Butts ("Petitioner"), proceeding *pro se*, has filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

On September 7, 1995, Petitioner "pled guilty against [his] will" to the offense of Lewd Act on a Minor Under 14. (ECF No. 1 at 1-2.) Petitioner was sentenced in Edgefield County, South Carolina, to ten years in prison, suspended to five years probation. (Id.) Petitioner alleges that the prosecuting attorney said "all charges against [Petitioner] would be dropped at the end of five years, and [Petitioner] would no longer be registered as a sex offender" if Petitioner "would plea guilty against [his] will, and then serve [his] probationary sentence without breaking the law." (Id. at 2.) After Petitioner completed his probationary sentence, he "discovered the falsity of the prosecutor's promises . . . ." (Id.)

The Petition indicates that Petitioner did not file a direct appeal of his conviction, however, he did file an application for post-conviction relief ("PCR") on April 14, 2004, which was dismissed on April 17, 2006. (Id. at 4-5.) Petitioner unsuccessfully appealed the dismissal of his PCR action to the South Carolina Supreme Court. (Id. at 5.) Petitioner now seeks to have his "conviction overturned and/or dismissed" in the present § 2254 habeas petition. (Id.) Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed for lack of jurisdiction, because the conviction and sentence Petitioner challenges has expired.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; and the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by *a pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the

petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

As an initial matter, Petitioner has previously filed a § 2254 petition in this District Court challenging the same expired 1995 conviction that is addressed in the present action. See Butts v. State of South Carolina, C/A No. 9:07-3434-JFA-GCK, 2007 WL 4568982 (D.S.C. Dec. 20, 2007) (habeas petition summarily dismissed for lack of jurisdiction). This court takes judicial notice of Petitioner's prior habeas action. See United States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); see also Fletcher v. Bryan, 175 F.2d 716 (4th Cir. 1949). In the interests of judicial economy and efficiency, the instant habeas petition is likewise subject to summary dismissal for lack of subject matter jurisdiction. See Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court

clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").

However, even if the instant action were not a duplicate filing, it is well settled that an individual must be "in custody" in order to be eligible for federal habeas corpus relief. See 28 U.S.C. § 2254(a); Carafas v. La Vallee, 391 U.S. 234, 238 (1968); Leonard v. Hammond, 804 F.2d 838, 842 (4th Cir. 1986); Pringle v. Court of Common Pleas, 744 F.2d 297, 300 (3rd Cir. 1984). The "in custody" requirement must be satisfied at the time the petition is filed with the federal district court. Carafas v. Vallee, 391 U.S. at 238. Moreover, a person who files a habeas petition after he has fully served his sentence is not "in custody" for purposes of a federal district court's subject matter jurisdiction, and a habeas petition filed by such a person would be properly denied. DeLong v. Hennessey, 912 F.2d 1144, 1146 (9th Cir.1990); see also Lefkowitz v. Fair, 816 F.2d 17, 20 (1st Cir. 1987) (habeas petition filed after individual unconditional release from prison properly denied by district court).

While probationary sentences satisfy the "in custody" requirement of § 2254(a), Tinder v. Paula, 725 F.2d 801, 803 (1st Cir. 1984), Petitioner states that his probationary sentence expired several years prior to the filing of the present habeas action. Further, to the extent Petitioner may be claiming that his mandatory sex offender registration satisfies the "in custody" requirement, such an argument must fail. Several circuit courts have determined that mandatory sex offender registration, after completion of a sentence, does not satisfy the "in custody" requirement of 28 U.S.C. § 2254. See Virsnieks v. Smith, 521 F.3d 707, 720 (7th Cir. 2008); Leslie v. Randle, 296 F.3d 518 (6th Cir. 2002); Williamson v. Gregoire, 151 F.3d 1180 (9th Cir. 1998); see also Wilson v. Flaherty, Civil Action No.

3:10CV536, 2011 WL 2471207 at *3 n.4 (E.D.Va. June 20, 2011) (collecting cases). As Petitioner is not "in custody" for habeas purposes, this court lacks jurisdiction over Petitioner's habeas action and the Petition is subject to dismissal.

## RECOMMENDATION

Accordingly, the court recommends that the instant Petition be dismissed as frivolous. See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent); Toney v. Gammon, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 23, 2011
Columbia, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).