IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Carlie G. Butts, | ) | C/A No.: 0:11-cv-1765-JFA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| State of South Carolina, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter comes before the court on Petitioner Carlie G. Butts's ("Petitioner") objections to a Report and Recommendation (R&R) issued by a United States Magistrate Judge. The Magistrate Judge has recommended that the petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. Specifically, the Magistrate Judge has found that this court does not have subject matter jurisdiction over the instant action because the petitioner is not "in custody." Having reviewed the entire record, including Petitioner's objections, the court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the Magistrate Judge's recommendation and fully incorporates the R&R into this order.

## I.    Factual and Procedural History

The Magistrate Judge provided the following synopsis of the petitioner's case based on the Petition:

On September 7, 1995, Petitioner "pled guilty against [his] will" to the offense of Lewd Act on a Minor Under 14. (ECF No. 1 at 1–2.) Petitioner

1

was sentenced in Edgefield County, South Carolina, to ten years in prison, suspended to five years probation. (*Id.*) Petitioner alleges that the prosecuting attorney said "all charges against [Petitioner] would be dropped at the end of five years, and [Petitioner] would no longer be registered as a sex offender" if Petitioner "would plea guilty against [his] will, and then serve [his] probationary sentence without breaking the law." (*Id.* at 2.) After Petitioner completed his probationary sentence, he "discovered the falsity of the prosecutor's promises . . . ." (*Id.*)

(ECF No. 8, p. 1).

The petitioner filed an application for post-conviction relief ("PCR") on April 14, 2004, which was dismissed on April 17, 2006. (ECF No. 1 at 4–5). The Petitioner was unsuccessful in his appeal to the South Carolina Supreme Court of the dismissal of his PCR action. (Id. at 5). He now asks this court to overturn or dismiss his conviction. (Id.). The Magistrate Judge has recommended that this court summarily dismiss the instant petition for lack of subject matter jurisdiction because the conviction and sentence that Petitioner challenges has expired. The petitioner filed objections to the Magistrate Judge's R&R on August 31, 2011. He also filed two supplements to his objections, one on September 26, 2011 and the other on November 8, 2011.

## II.    Legal Standards

### A.    The Magistrate Judge's Report and Recommendation

The Magistrate Judge made her review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a

recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1) (2006). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.*

### B.     Review of *Pro Se* Complaint

The Magistrate Judge has provided a very thorough description of the standard with which the court reviews a *pro se* complaint. As pointed out by the Magistrate Judge, a federal district court must liberally construe a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### III.     Analysis

In her R&R, the Magistrate Judge has provided two different reasons that the petitioner's petition should be summarily dismissed for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction and, as such, may only hear and decide cases when they have been given the authority to do so by the Constitution and by federal statute. *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998).

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

First, the Magistrate Judge took judicial notice of the Petitioner's previous § 2254 petition in this District Court challenging the same expired 1995 conviction that is addressed in the present action.  Based on this court's previous dismissal of the same petition, the Magistrate Judge concluded that this petition should be summarily dismissed for lack of subject matter jurisdiction.  Although the petitioner did not expressly object to the Magistrate Judge's dismissal based on the petitioner's duplicate filing, he did "ask the court to . . . search for justice, then follow Rules of Law when making a decision, and not rely on someone's opinion . . . ."  (ECF No. 15, p. 1).

The Magistrate Judge further recommended that the Petition be summarily dismissed for lack of subject matter jurisdiction because the petitioner is not "in custody." The petitioner has filed his petition for writ of habeas corpus under 28 U.S.C. § 2254, which states

> A district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States.

(2006) (emphasis added).  A person who is subject to a probationary sentence is considered "in custody" for purposes of § 2254; however, "a sentence that has been fully served does not satisfy the custody requirement of the habeas statute, despite the collateral consequences that generally attend a criminal conviction."  *Tinder v. Paula*,

4

725 F.2d 801, 803 (1st Cir. 1984).  As such, a person who files a habeas petition after he has fully served his sentence is not "in custody" for purposes of a federal district court's subject matter jurisdiction, and a habeas petition filed by such a person would be properly denied.  *DeLong v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990).  Thus, the Magistrate Judge has recommended that the petitioner's petition be summarily dismissed.

Petitioner argues that he is "in custody" based on all of the restrictions placed on him as a person on the South Carolina Sex Offender Registry.  According to the petitioner, "because [he] is limited as to where he can go, and deprived of doing things that a normal person generally does, he can rightly claim that he is 'in custody' . . . ." (ECF No. 12).  However, many courts have held that mandatory sex offender registration, after completion of a sentence, does not satisfy the "in custody" requirement of 28 U.S.C. § 2254.  *See Virsnieks v. Smith*, 521 F.3d 707, 720 (7th Cir. 2008) ("[T]he registration requirements resemble more closely those collateral consequences of a conviction that do not impose a severe restriction on an individual's freedom of movement."); *Leslie v. Randle*, 296 F.3d 518 (6th Cir. 2002); *Williamson v. Gregoire*, 151 F.3d 1180 (9th Cir. 1998); *Wilson v. Flaherty*, Civil Action No. 3:10-cv-536, 2011 WL 2471207 at *3 (E.D.Va. June 20, 2011) ("[F]ederal courts have unanimously held that sex-offender registration and its collateral consequences do not qualify as 'custody' for habeas relief.") (citations omitted).  The petitioner's arguments have not persuaded this court that he is "in custody" for purposes of his habeas petition.  As such, this court adopts the Magistrate Judge's recommendation that the Petition be summarily dismissed.

Other than his contention that he is "in custody," the petitioner mainly focuses on the circumstances of his guilty plea and argues that his constitutional rights have been violated. He further argues that the South Carolina Supreme Court should have overturned his conviction despite the fact that his PCR application was filed late. In the first supplement to his objections, the petitioner urges this court to "make a final decision based on the Rule of Law, and not on someone else's opinion." (ECF No. 15). As previously stated, Fed. R. Civ. P. 12(h)(3) requires this court to dismiss any action where it lacks subject matter jurisdiction. None of the petitioner's arguments overcome this court's lack of subject matter jurisdiction over the instant habeas petition because the petitioner is not "in custody," as required under 28 U.S.C. § 2254. Therefore, this court is constrained to summarily dismiss this petition for lack of subject matter jurisdiction.

## IV.    Conclusion

This court hereby adopts the Magistrate Judge's recommendations. Accordingly, this court hereby orders that this case be summarily dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.

December 6, 2011                              Joseph F. Anderson, Jr.
Columbia, South Carolina                      United States District Judge

6