IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Carlie G. Butts, | ) | C/A No. 0:11-1765-JFA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| State of South Carolina, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Carlie G. Butts, brought an action pursuant to 28 U.S.C. § 2254. The Magistrate Judge prepared a Report and Recommendation which this court adopted in full, finding that the court did not have subject matter jurisdiction over the instant action because the petitioner is not "in custody." The court then dismissed the petition on December 6, 2011.

Now before the court is petitioner's "disagreement" (filed March 26, 2012) to the court's final order. As motions to reconsider are not expressly contemplated by the Federal Rules of Civil Procedure, the court will treat this motion as a Rule 59 Motion to Alter or Amend the Judgment.

Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening change in *controlling* law; (2) on account

1

of new evidence; or (3) "to correct a *clear error of law* or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (emphasis added). Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002).  Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result.  *See Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

In the view of this court, the motion presents neither new controlling law, nor new evidence, nor points out a clear legal error of this court — the motion is basically an attempt to reargue issues already fully briefed and decided by this court. The court understands that the petitioner may disagree with this court's ruling.  Nevertheless, an appeal to the Fourth Circuit after entry of judgment is the proper method for seeking review of the aggrieving ruling.

For the above reasons, the motion to reconsider (ECF No. 23) is denied.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.* (signature)

March 30, 2012                                             Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge

2